UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| TAVORIS LA'ROHN JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV415-131 |
| ) | |
| RYAN RAINES, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Inmate Tavoris La'Rohn Johnson brings this 42 U.S.C. § 1983 case arising from state criminal court proceedings against him. He sues his own defense lawyer, Ryan Raines, because Raines allegedly failed to seek a speedy trial for him, and this impaired Johnson's ability to muster a defense. Doc. 1. Plaintiff pursues Raines for damages. *Id.* at 6.[1]

---

[1] As Johnson is proceeding *in forma pauperis*, docs. 3, 4 & 5, the Court is screening his case under 28 U.S.C. § 1915(e)(2)(B)(ii), to determine whether he has stated a cognizable claim for relief. *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief, and 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").

The Court applies Fed. R. Civ. P. 12(b)(6) standards here. *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). Allegations in the complaint are thus viewed as true and construed in the light most favorable to the plaintiff. *Bumpus v.*

However, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir.1985). Hence, Johnson states no § 1983 claim against Raines. And he raises no other claims.

Given the patent baselessness of Johnson's Complaint, it must be **DISMISSED WITH PREJUDICE** and a re-pleading option is not warranted. *Dysart v. BankTrust*, 516 F. App'x 861, 865 (11th Cir. 2013) ("[D]istrict court did not err in denying Dysart's request to amend her complaint because an amendment would have been futile."); *Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010); *Simmons v. Edmondson*, 225 F. App'x 787, 788-89 (11th Cir. 2007) (district court did not err in dismissing complaint with prejudice without first giving plaintiff leave to amend because no amendment could have overcome the

---

*Watts*, 448 F. App'x 3, 4 n. 1 (11th Cir. 2011). But conclusory allegations fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a 12(b)(6) dismissal). "[T]he pleading standard [Fed. R. Civ. P.] 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (*pro se* pleadings are still construed liberally after *Iqbal*).

defendants' immunity). Also because of its frivolity, this case should be recorded as a "strike" under 28 U.S.C. § 1915(g).

Meanwhile, Johnson must pay his $350 filing fee. His furnished account information shows that he has had a $115.59 average monthly balance in his prison account during the past six months. Doc. 5. He therefore owes a $23.12 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) therefore shall remit that amount, then set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

**SO REPORTED AND RECOMMENDED**, this 14TH day of December, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA